## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RAUL CALDERON, | ) | CASE NO. 4:13CV3060 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion for Leave to Proceed in Forma Pauperis ("IFP").  (Filing No. 12.)  Also pending are Plaintiff's Motions for Preliminary Injunction, Appointment of Counsel, and Summons.  (Filing Nos. 2, 5, and 8.)  The court has received a certified copy of Plaintiff's trust account information.  (Filing No. 13.) Plaintiff is permitted to proceed IFP.

### A.    Motion for Leave to Proceed IFP

Pursuant to the Prison Litigation Reform Act, a prisoner plaintiff is required to pay the full amount of the court's $350.00 filing fee by making monthly payments to the court, even if the prisoner is proceeding IFP.  28 U.S.C. § 1915(b).  "[T]he PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d at 529-30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001).

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of Plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. Accordingly, the court finds that the initial partial filing fee is $71.44, based on an average monthly account balance of $357.23.  Plaintiff included a payment of $53.80 with his Motion for Leave to Proceed IFP.  Therefore, the remaining balance of Plaintiff's initial partial filing fee is $17.64.  Plaintiff must pay this remaining balance of the initial partial

filing fee by **April 22, 2013**.  If the court does not receive payment by this deadline, this matter **will be dismissed**.  Plaintiff may request an extension of time if needed.

In addition to the initial partial filing fee, Plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2).  The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the Court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2).  Therefore, after payment in full of the initial partial filing fee, the remaining installments shall be collected pursuant to this procedure.

The Clerk of the court shall send a copy of this Memorandum and Order to the appropriate financial official at Plaintiff's institution.  Plaintiff will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time.  *See In re Tyler*, 110 F.3d at 529-30; *Jackson*, 173 F. Supp. 2d at 951.

### B.    Motion for Preliminary Injunction

Plaintiff has filed a Motion for Preliminary Injunction seeking immediate release from incarceration because, among other reasons, "America is trying to kill [him]."  (Filing No. 2.)  Plaintiff asks that he be released and extradited to another nation so that he can seek political asylum there.  (*Id.*)

The standard set forth in *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109, 112–14 (8th Cir.1981), applies to a request for preliminary injunctive relief. The factors to consider when determining whether to grant preliminary relief in a federal setting are:

(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

*Id.* at 113. The burden of establishing the necessity of a preliminary injunction is on the movant. *Baker Elec. Coop., Inc. v. Chaske*, 28 F.3d 1466, 1472 (8th Cir.1994). Here, Plaintiff has not met this burden. The court has reviewed Plaintiff's complaint and his motion for preliminary injunction. Based on this review, the court finds that Plaintiff's request for a preliminary injunction should be denied because of the improbability that Plaintiff will succeed on the merits of his claims. Specifically, Plaintiff's allegations are, for the most part, implausible and nonsensical. (*See*, *e.g.*, Filing No. 1 at CM/ECF p. 8 ("Defendant George W. Bush knew Nebraska wanted to beat me beyond human reco[g]nition (Isaiah 53) or paral[y]ze me (Isaiah 50) but conspired and or left me Hostage . . .").)

### C.    Motion for Appointment of Counsel

Plaintiff requests the appointment of counsel. The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel." *Id.* (quotation and citation omitted). No such benefit is apparent here. Therefore, Plaintiff's request for the appointment of counsel will be denied.

### D.    Motion for Summons

Plaintiff has only paid a portion of the initial partial filing fee in this matter. This case will not proceed until he pays the entire initial partial filing fee. Therefore, the court will deny Plaintiff's Motion for Summons.

IT IS THEREFORE ORDERED that:

1.    Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Filing No. 12) is granted;

2.    Plaintiff shall pay the remaining balance of the initial partial filing fee by **April 22, 2013**, unless an enlargement of time is granted in response to a written motion.  The remaining balance is $17.64.  If the remaining balance of the initial partial filing fee is not received by the specified deadline, this case **will be dismissed**;

3.    After payment of the initial partial filing fee, Plaintiff's institution shall collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and shall forward those installments to the court;

4.    The Clerk of the court is directed to send a copy of this order to the appropriate official at Plaintiff's institution;

5.    The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: **April 22, 2013**: remaining balance of initial partial filing fee payment due;

6.    Plaintiff shall keep the court informed of his current address at all times. Plaintiff is bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending; and

7.    Plaintiff's Motions for Preliminary Injunction, Appointment of Counsel, and Summons are denied (Filing Nos. 2, 5, and 8).

DATED this 21st day of March, 2013.

BY THE COURT:


s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.